**HIRSCH, Estate of, In re.**
**KAMMERON, et, Appellants, v. FREIBERG, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6496. Decided April 23, 1945.

Joseph G. White, Cincinnati, for appellant, Edward Kammeron.

Bates, Skirvin & Varnau, Cincinnati, for appellant, Eagle Savings & Loan Association.

Leonard H. Freiberg, Cincinnati, for appellee, Leonard H. Freiberg, Ancillary Administrator.

494

## OPINION

By HILDEBRANT, P. J.

The question presented by this record is as to the method of payment of creditors and distribution of funds in the hands of the ancillary administrator of a non-resident decedent's estate, where such estate is insolvent, both in Missouri, the state of domiciliary administration and in Ohio. The court below took the whole estate and the whole of the liabilities into account and ascertained the pro rata payment to creditors everywhere to be approximately 34% and ordered the ancillary administrator to set aside 34% of the funds in his hands for payment to Ohio creditors, according to the Ohio priority statute, and the balance to be remitted to the domiciliary administrator.

Local creditors claim to be entitled to have all the Ohio funds applied to the payment of their duly proven claims according to the Ohio priority statute.

In making its order here the court below followed the equitable doctrine so appealing to the conscience of the court and in the absence of statute widely adopted. This doctrine is expressed as follows in Restatement, Conflict of Laws, p. 607, section 503:

"Where the entire estate is insolvent, the court in which the administration proceedings are carried on will as far as possible marshal the assets under its control in such a manner as to secure to all creditors a pro rata percentage of their claims."

Again, in **18 O Jur, Sec. 813, p. 801**, it is stated:

"The general object of the ancillary administration is to administer the assets found within the state, and remit the proceeds to the parent administration, but, if there are home creditors, the courts having control of such ancillary administration will not allow the estate to be remitted to the foreign state until such creditors are first paid. Local creditors of a

nonresident decedent whose estate is insolvent will not be forced to go into the domicil of the decedent to collect their demands so long as there is property within the local jurisiction which may be subjected to the payment of their debts. If the general estate is solvent they are paid in full; but if not, they the paid pro rata, taking the whole estate and the whole liabilities into account to ascertain such pro rata payment. Some old authorities, acting on the maxim that all foreigners are barbarians and enemies, required the home creditors to be paid in full, if the assets within the state are sufficient, without regard to the solvency of the general estate. Such a principle is now hardly recognized as sound, or as comporting with the age, especially as between citizens of different states of a common Union."

Again, is it set forth in 21 Am. Jur., Section 878, p. 863:

"Where an estate is insolvent, different rules apply in regard to the payment of claims. Where only the ancillary estate is insolvent, nonresident creditors should look to the principal estate for payment. But where both estates are insolvent, nonresident creditors may share in both, although apparently they will not be permitted to receive, in the aggregate, a larger per cent than resident creditors receive from the ancillary estate. Thus, under the rule applied in some jurisdictions, local creditors must be paid their pro rata to the full extent that other creditors will be paid out of the decedent's estate before nonresident creditors are permitted to participate in the local assets. The true principle which should govern in all such cases is to marshal the assets under administration so as to produce equality among creditors, whether foreign or domestic."

In Re Estate of Kelley, 68 Oh Ap, 51, is cited in support of the equitable doctrine, but, on examination may be distinguished from the case at bar as a contest between the domiciliary administrator and foreign creditors and Ohio distributees, rather than a determination of rights between creditors alone.

The statutes of Ohio §10511-1, et seq., GC, are determinative of the instant case.

Sec. 10511-12 GC, provides:

"Except as is otherwise provided by law, the procedure in ancillary administration shall be the same as in administration of the estates of resident decedents."

**Sec. 10511-14 GC,** provides:

"Creditors having claims against such estate shall file them with the ancillary administrator within the time and in the manner provided by law as to estates of resident decedents."

It will thus be seen that the legislature of Ohio imposed the requirement of filing claims with the ancillary administrator as a condition precedent to sharing in the Ohio estate. No limitation as to residence is imposed. The same is true of a domiciliary administrator in Ohio. No reference as to qualifying for payment is given to any one. It is urged upon the court that evidence of the insolvent condition of the estate was submitted to the court below, but obviously such evidence does not constitute a filing of claims, nor was it within the time, contemplated by the Ohio statutes.

**Sec. 10511-25 GC,** is:

"When the expense of the ancillary administration, including such attorney's fee as is allowed by the court, all public charges and taxes, and all claims of creditors presented as herein provided, have been paid, any residue of the personal estate, and the proceeds of any real estate sold for the payment of debts, shall be distributed by the ancillary administrator as follows:

"(a) With the approval of the court such residue may be paid over and delivered to the domiciliary administrator or executor, or

"(b) If the court so orders, such residue shall be paid over and delivered to the persons entitled thereto."

The above statute is clear and in computing the residue, if any, as contemplated by the statute, payment of the claims duly presented appears as a condition precedent.

Further, the statute alters the rule of public policy based on equitable considerations alone and gives to the Court a discretion in directing the payment of the residue indicating clearly the intention of the legislature to exercise control through the Court.

The order of the Court below will, therefore, be reversed and the cause remanded with instructions to proceed in accordance with law and this opinion.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in the syllabus, opinion & judgment.